

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 4, 1971

Dr. J. E. Peavy
Commissioner of Health
State Department of Health
Austin, Texas

Dear Dr. Peavy:

Opinion No. M-783

Re: Authority of the State
Department of Health to
require seal of licensed
professional engineer on
plans, etc. for hospitals
and institutions, pur-
suant to Articles 4437f
and 4442c, Vernon's Civil
Statutes.

We quote from your letter requesting an opinion from
this office as follows:

"Under the provisions of Art. 4437f, V.A.T.S.,
(Texas Hospital Licensing Law) and Art. 4442c,
(Convalescent and Nursing Homes), the State Depart-
ment of Health is charged with the responsibility
of carrying out the intent of the legislature as
expressed in these Acts.

"The Legislature has declared as among the
purposes of Article 4437f, 'to protect and promote
the public health and welfare by providing for the
development, establishment, and enforcement of cer-
tain standards in the construction . . . of hospitals,'
Art. 4437f, §3. In Article 4442c, the Legislature
has expressed as one of its purposes, 'to promote
the public health, safety and welfare by providing
for the development, establishment and enforcement
of standards . . . for the . . . construction of
such institutions which in the light of advancing
knowledge will promote safe and adequate treatment
. . .' Art. 4442c, §1.

"Such statements of purpose are pertinent to
the regulatory authority of the Department of

-3814-

Health since its legislative delegation of authority is couched in terms of legislative purpose. In Article 4437f the Department's rule-making authority is expressed in part as follows: 'The Licensing Agency . . . shall adopt, amend, promulgate, and enforce such rules, regulations, and minimum standards as may be designed to further the purposes of the Act. Provided, however, that the rules, regulations, or minimum standards so adopted, amended, promulgated, or enforced shall be limited to safety, fire prevention, and sanitary provisions of hospitals as defined in this Act.' Art. 4437f, §5. Further statement of authority is as follows: 'The Licensing Agency shall have the authority to deny, cancel, revoke or suspend a license in any case where it finds there has been a substantial failure to comply with the provisions of this Act or the rules, regulations, or standards promulgated under this Act, or for the aiding, abetting, or permitting the commission of any illegal act, or for conduct detrimental to the public health, morals, welfare and safety of the people of the State of Texas.'

"In regard to nursing and convalescent homes the scope of the Department's regulating authority is also defined in terms of the legislative purpose of safeguarding the public health, safety and welfare. Reading selectively, it is stated in part as follows:

'The Licensing Agency is authorized to adopt, amend, promulgate, publish and enforce minimum standards in relation to:

(a) Construction of the home or institution, including plumbing, heating, lighting, ventilation, and other housing conditions, which shall insure the health, safety and comfort of residents and protection from fire hazard;

* * * *

(c) All sanitary and related conditions within the nursing home and its surroundings, including water supply, sewage disposal . . . which shall

insure the health, safety and comfort of the residents.

\* \* \* \*

(e) Equipment essential to the health and welfare of the residents . . .'  Article 4442c, §7.

"The size and complexity of structures to be licensed as hospitals or nursing homes in this day and time make it most likely that their design and construction involve structural, mechanical and electrical engineering. The water supply and sewage disposal problems in connection with these structures involve problems in the area of civil and sanitary engineering. When such engineering is involved the Department believes that the public health and safety is best insured by requiring that the plans for such structures bear the seal of a licensed professional engineer, and, subject to your approval, the Department has voted to make such a requirement by administrative rule.

"Accordingly, your opinion is respectfully requested as to the following:

"Does the State Department of Health have authority under Vernon's Ann. Civ. St. art. 4437f to require the seal of a licensed professional engineer on plans, designs or specifications of 'hospitals,' as defined in such statute, which involve structural, mechanical, electrical or sanitary engineering, submitted to the Department for licensure under the aforecited Texas statute?

"Does the State Department of Health have authority under Vernon's Ann. Civ. St. art. 4442c to require the seal of a licensed professional engineer on plans, designs or specifications of 'institutions,' as defined in such statute, which involve structural, mechanical, electrical or sanitary engineering, submitted to the Department for licensure under the aforecited Texas Statute?"

In construing the provisions of Article 4437f and Article 4442c, Vernon's Civil Statutes, Attorney General's Opinion M-545 (1969) held, in part, as follows:

". . . the Legislature intended that the Department of Health promulgate its own standards relating to the design, construction and licensing of hospitals, nursing and convalescent homes, and related institutions. . . ."

Administrative agencies may adopt and promulgate reasonable rules and regulations to carry out the performance of their specific statutory duties. All State Insurance Company v. State Board of Insurance, 401 S.W.2d 131 (Tex.Civ.App. 1966, error ref. n.r.e.). However, a rule must be in harmony with the general objectives of the act involved. Gerst v. Cliff Savings & Loan Association, 432 S.W.2d 702 (Tex.Sup. 1968). In view of the holding in Attorney General's Opinion M-545 and in consideration of the Department's proposed rule in light of the provisions of the respective statutes, it is our opinion that the proposed rule of the State Department of Health appears reasonable, being in conformity with the Department's specific statutory duties and in harmony with the general objectives of Articles 4437f and 4442c, Vernon's Civil Statutes. It will therefore be valid and legally enforceable. Consequently, in answer to your questions, you are advised that the State Department of Health has the authority under the provisions of Article 4437f and 4442c to require by administrative rule the seal of a licensed, professional engineer on plans, designs or specifications of "hospitals" and "institutions" as defined in the respective statutes which involve structural, mechanical, electrical or sanitary engineering submitted to the State Department of Health.

## S U M M A R Y

The State Department of Health has the authority under the provisions of Articles 4437f and 4442c to require by administrative rule the seal of a licensed, professional engineer on plans, designs or specifications of "hospitals" and "institutions" as defined in the respective statutes which involve structural, mechanical, electrical or sanitary engineering submitted to the State Department of Health.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Sparks
Harriet Burke
Ed Esquivel
J. C. Davis
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant